**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2719-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

EZEQUIEL YNGA,

    Defendant-Appellant.

_____

Submitted January 14, 2019 – Decided January 22, 2019

Before Judges Sabatino and Haas.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 89-06-0946.

Uri J. Roer, attorney for appellant.

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Marc A. Festa, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Ezequiel Ynga appeals the trial court's January 8, 2018 order denying his petition for post-conviction relief ("PCR") arising out of his 1989

guilty plea and conviction of third-degree possession of heroin within a school zone, with intent to distribute that controlled substance, N.J.S.A. 2C:35-7. We affirm.

Defendant was charged in 1989 in a three-count indictment charging him with simple possession of heroin, possession of heroin with the intent to distribute, and possession of heroin in a school zone with the intent to distribute. With the assistance of counsel, defendant entered into a plea agreement to the school zone charge, with the State recommending a five-year sentence with one-and-one-half years of parole ineligibility. The other two counts of the indictment were dismissed. The guilty plea was presented to, and accepted by, the court on September 12, 1989.

Defendant was sentenced on December 8, 1989 consistent with the plea agreement to the negotiated custodial term of five years with a one-and-one-half-year parole disqualifier. Before imposing the sentence, the trial court denied defendant's motion to withdraw his guilty plea. Defendant has completed his sentence. Defendant did not file a direct appeal of his conviction.

In October 2015, defendant was arrested by federal Immigration and Customs Enforcement agents in Florida. He apparently is slated for deportation because of his 1989 conviction. Defendant initially consulted an attorney in

2

Florida to get assistance. Apparently, the attorney in Florida was unable to help him. According to defendant, the Florida attorney claimed that he was reaching out to find an attorney in New Jersey. Eventually defendant took it upon himself to find his present counsel in New Jersey. The New Jersey attorney filed a PCR petition in September 2017.

After oral argument before Judge Marybel Mercado-Ramirez, the court dismissed the petition as being both time-barred and also lacking in merit. Defendant now appeals that decision. He raises the following points in his brief:

I. THE PCR COURT ERRED WHEN IT HELD THE FILING OF DEFENDANT'S PCR PETITION WAS TIME BARRED.

a. The PCR Court Erred When it Found Defendant Had Not Demonstrated Excusable Neglect.

b. The PCR Court Erred when it Ruled that Even if the Delay in Filing was Due to Excusable Neglect the Petition Would Still be Time Barred Since Defendant Had Not Demonstrated a Fundamental Injustice Would Result in Dismissing Defendant's PCR Petition.

II. THE PCR COURT ERRED WHEN IT FOUND THAT EVEN IF THE PCR PETITION WERE NOT TIME BARRED THE PETITIONER FAILED TO ESTABLISH A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL TO WARRANT AN EVIDENTIARY HEARING.

A-2719-17T3

a. The PCR Court Erred when it Found the Statements Made by Trial Counsel to Defendant Prior to Pleading Guilty Didn't Constitute Affirmative Misadvice.

b. The PCR Court Erred when it Held the Defendant Had Not Demonstrated a Reasonable Probability that If Not For Counsel's Alleged Deficiency The Defendant Would Have Gone to Trial.

Defendant contends that his plea counsel in 1989 provided him with improper advice by telling him that if went to trial, his illegal immigration status would become known to deportation authorities. In other words, defendant contends that his plea counsel did not inform him of the possible immigration consequences of pleading guilty, and therefore he reasonably believed that a plea agreement would be a safer option than going to trial and would make him less likely to be deported. Defendant claims that this is a form of "affirmative misadvice" entitling him to relief under the standards of State v. Nuñez-Valdéz, 200 N.J. 129, 142-43 (2009), which preceded the United States Supreme Court's opinion in Padilla v. Kentucky, 559 U.S. 356 (2010).

Having considered defendant's arguments, we affirm the trial court's order denying PCR, substantially for the sound reasons expressed in Judge Mercado-Ramirez's oral opinion of January 5, 2018. We only add these brief comments.

We agree with the PCR judge that defendant's petition was time-barred under Rule 3:22-12. The petition was filed more than twenty-eight years after

4

defendant's guilty plea and judgment of conviction, well beyond the five-year time bar mandated under Rule 3:22-12. Defendant has not demonstrated excusable neglect to justify relaxing that time limitation. The delay in immigration authorities taking action against defendant is no excuse. We noted in State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013), another PCR case arising in a deportation context, "defendant had both the opportunity and the incentive to learn whether he might be deported before the time of his arrest by federal immigration authorities in [here, October 2015], but he failed to seek timely consideration of his claims."

In addition, we discern no merit to the substance of defendant's claims of ineffective assistance of counsel under the pre-Padilla standards set forth in Nuñez-Valdéz. This is plainly not a situation of affirmative misadvice. Defendant identifies no affirmative advice given by his counsel concerning the deportation consequences of a guilty plea. Silence is not advice. There being no prima facie showing of ineffectiveness under the standards of Strickland v. Washington, 466 U.S. 668, 694 (1984), there was no need here for an evidentiary hearing. State v. Preciose, 129 N.J. 451, 462 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2719-17T3